Dated: August 25, 2016

The following is ORDERED:



*Sarah A Hall*
Sarah A Hall
United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In Re:<br><br>Aniquasea Marie Harding,<br>    **Debtor(s).** | Bankruptcy No.: 15-14134<br>Chapter 7 |
| Oklahoma Employment Security Commission,<br>    **Plaintiff,**<br><br>vs.<br><br>ANIQUASEA MARIE HARDING,<br>    **Defendant.** | Adversary No.: 16-01017 |

### DEFAULT JUDGMENT

Before the Court is the Motion for Default Judgment filed by Plaintiff, State of Oklahoma, ex rel., Oklahoma Employment Security Commission, (the "Plaintiff") on August 1, 2016 (the "Motion"). Counsel represents that the Motion was served on all parties of interest pursuant to the Local Bankruptcy Rule 9013-1, and that the last date for filing objections was August 14, 2016, which has passed with no objection thereto being served and filed. Therefore, the motion is granted.

B 16-062

On January 29, 2016, the Plaintiff, State of Oklahoma, ex rel. Oklahoma Employment Security Commission (the "Plaintiff") filed the Complaint seeking the Court to determine that the Defendant's debt to the OESC in non-dischargable according to 11 U.S.C. Sec. 523(a)(2)(A) by find that the Defendant was overpaid Unemployment Insurance Benefits to which she was not entitled due to her false representations to the Plaintiff (the "Complaint"). On March 25, 2016, the Clerk of the Bankruptcy Court entered an Entry of Default against the Defendant in accordance with Federal Rule of Civil Procedure 55(a), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7055. The Plaintiff now seeks an entry of default judgment against the Defendant pursuant to Federal Rule of Civil Procedure 55(b).

The Court, having reviewed the pleadings in the adversary proceeding, the Chapter 7 case, of the Defendant, Aniquasea Marie Harding, Case No. 15-14134, and the relevant legal authorities, and being fully advised, finds that default judgment should be entered against the Defendant failed to respond to a validly-served Complaint and Plaintiff followed the procedure for obtaining a default. Therefore, this Court finds the Defendant's debt to Plaintiff is non-dischargeable pursuant to Section 523(a)(2)(A).

Based upon the allegations contained in the Complaint and the Defendant's failure to answer the Complaint, the Court finds that the Plaintiff has established its case as a matter of law.

The Plaintiff's Motion is therefore granted and a money judgment is granted in the amount of $1,815.00, plus interest of $363.00 through November 19, 2015, plus post judgment interest in the amount of 1% per month, plus pre-judgment and post-judgment interest, plus court costs in the amount of $350.00; and Defendant's debt to the Plaintiff

2

in the amount of $1,815.00, plus interest of $363.00 through November 19, 2015, plus post judgment interest in the amount of 1% per month, plus pre-judgment and post-judgment interest, plus court costs in the amount of $350.00 is excepted from discharge.

Findings of fact are based upon the representation of counsel. [Local Rule 9013-1.L.1a]

###

Approved as to form:

/s/Samuel H. Kennon
Samuel H. Kennon, OBA#22197
Oklahoma Employment Security Commission
P.O. Box 53039
Oklahoma City, OK 73152-3039
(405)557-7146
(405)557-5320 (fax)
Samuel. Kennon@oesc.state.ok.us
**ATTORNEY FOR PLAINTIFF**

3